Filed 1/31/23 P. v. Stanford CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C096279 |
| Plaintiff and Respondent, | (Super. Ct. No. 06F08729) |
| v. | |
| MURRAY STANFORD, | |
| Defendant and Appellant. | |

This appeal comes to us ostensibly pursuant to *People v. Wende* (1979) 25 Cal.3d 436. In 2008, a jury convicted defendant Murray Stanford of attempted conspiracy to transport cocaine base. The trial court sentenced defendant to 25 years to life on the underlying charge and two additional terms totaling four years for enhancements under Health and Safety Code, section 11370.2, and Penal Code section 667.5.[1] After the law was changed to render these two enhancements invalid, defendant filed a first petition asking the trial court to vacate these sentences and resentence him. Defendant then filed a second petition for resentencing under the Three Strikes Reform Act of 2012 (Prop. 36,

---

[1] Undesignated statutory references are to the Penal Code.

1

as approved by voters, Gen. Elec. (Nov. 6, 2012)) (the Reform Act), section 1170.126. The trial court denied both of these petitions.

We shall dismiss the appeal from the order seeking to vacate the enhancements for lack of jurisdiction. Finding no arguable error that would result in a disposition more favorable to defendant, we will also affirm the order on the petition filed under 1170.126.

FACTUAL AND PROCEDURAL BACKGROUND

The third amended information charged defendant with conspiracy to transport cocaine base. (§ 182, subd. (a) (1); Health & Saf. Code, § 11352, subd. (a).) It also alleged an enhancement under Health and Safety Code section 11370.2, subdivision (a). Separately, the information alleged six additional enhancements under sections 667.5, subdivision (b), 667, subdivisions (b) through (i), and 1170.12.

The jury convicted defendant of conspiracy to transport cocaine base. (§ 182, subd. (a) (1); Health & Saf. Code, § 11352, subd. (a). The abstract of judgment explicitly shows the trial court or jury found true enhancements under Health and Safety Code section 11370.2, subdivision (a) and section 667.5, subdivision (b). While the appellate record does not contain the minute order or transcript as to how or which of the seven pleaded enhancements were found true, our prior opinion in defendant's original appeal demonstrates the trial court found all of the pleaded enhancements true. (*People v. Mamaril et al.,* (May 4, 2009, C058468) [nonpub. opn.].)[2] On March 14, 2008, the trial court sentenced defendant to 25 years to life on the conspiracy count and three years in state prison for the enhancement under Health and Safety Code, section 11370.2, subdivision (a), and one year in prison under section 667.5, subdivision (b).

---

[2] On our own motion, we take judicial notice of the record and our opinion affirming the judgment and conviction in defendant's direct appeal. (Evid. Code, § 452, subd. (d) [permitting a court to take judicial notice of records of "any court of this state"].)

Defendant filed two petitions in the trial court in February 2022. In the first petition, defendant argued the enhancements to his sentences were legally invalid under sections 1172.7 and 1172.75[3] and sought to be resentenced.

In the second petition, defendant cited the Reform Act, asserting he was entitled to be resentenced under section 1170.126 because his current conviction was for a nonviolent and nonserious crime.

The trial court found defendant was not eligible for resentencing and denied both petitions. As to the first petition, the trial court found defendant was premature in his request, and as to the second petition, the trial court found defendant had a prior conviction for attempted murder which made him ineligible for resentencing under section 1170.126.

Defendant timely appealed.

## DISCUSSION

Appointed counsel for defendant filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal in accordance with *People v. Wende, supra*, 25 Cal.3d 436. Counsel advised defendant of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days elapsed, and defendant has not filed a supplemental brief. For the reasons set forth below, defendant's appeal fails on both fronts.

### A. *Lack of Jurisdiction*

We start with the petition concerning the enhancements. At the time the trial court sentenced defendant in 2008, section 667.5, subdivision (b) required trial courts to

---

[3] Defendant cited former sections 1171 and 1171.1 in his petition. Effective June 30, 2022, the Legislature renumbered these sections to sections 1172.7 and 1172.75. (Stats. 2022, ch. 58, §§ 11, 12.) There were no substantive changes to the statute. Throughout this opinion, we cite to sections 1172.7 and 1172.75 for ease of reference.

impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free from custody for at least five years. (Former § 667.5, subd. (b).) Similarly, Health and Safety Code section 11370.2, subdivision (b) required the court to impose a three-year prison sentence for each prior felony conviction that violates specified Health and Safety Code provisions. (Former Health & Safety Code, § 11370.2, subd. (b).) These enhancements became legally invalid pursuant to Senate Bill No. 483 which became effective January 1, 2022. (Stats. 2021, ch. 728, §§ 2, 3; Stats. 2022, ch. 58, §§ 11, 12 (Senate Bill No. 483).)

As part of Senate Bill No. 483, the Legislature created a procedural remedy to remove those legally invalid enhancements in an orderly fashion. Subdivision (b) of sections 1172.7 and 1172.75 directs the Secretary of the Department of Corrections and Rehabilitation (CDCR) and the correctional administrator of each county to "identify those persons in their custody currently serving a term for a judgment that includes an enhancement . . . and . . . provide the name of each person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement." (§§ 1172.7, subd. (b), 1172.75, subd. (b).) The statutes direct CDCR to provide the trial courts with this information in two groups: (1) by March 1, 2022, "for individuals who have served their base term and any other enhancements and are currently serving a sentence based on the [affected] enhancement" (§§ 1172.7, subd. (b)(1), 1172.75 subd. (b)(1)); and (2) by July 1, 2022, "for all other individuals" (§§ 1172.7, subd. (b)(2), 1172.75, subd. (b)(2)).

After the trial court receives this information, the court is required to "review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a)," and if so, "recall the sentence and resentence the defendant." (§§ 1172.7, subd. (c), 1172.75, subd. (c).) This part of these sections also divides the persons entitled to relief into two groups. Specifically, the review and

4

resencing shall be completed "[b]y October 1, 2022, for individuals who have served their base term and any other enhancement and are currently serving a sentence based on the [affected] enhancement" (§§ 1172.7, subd. (c)(1), 1172.75, subd. (c)(1)); and "[b]y December 31, 2023, for all other individuals" (§§ 1172.7, subd. (c)(2), 1172.75, subd. (c)(2)).

The trial court lacked jurisdiction to decide defendant's petition prior to receiving this information from CDCR, and hence this court lacks jurisdiction to consider defendant's appeal of the trial court's order denying that stand-alone petition for resentencing under these two sections. (*People v. Burgess* (2022) 86 Cal.App.5th 375, 382.)

In coming to this conclusion, the *Burgess* court relied on *People v. King* (2022) 77 Cal.App.5th 629, 634, which stated, "The general rule is that 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' [Citations.] And, '[i]f the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed.' " "[A] freestanding motion challenging an incarcerated defendant's sentence is not a proper procedural mechanism to seek relief. A motion is not an independent remedy, but must be attached to some ongoing action. [Citation.] Thus, a defendant who wishes to challenge a sentence as unlawful after the defendant's conviction is final and after the defendant has begun serving the sentence must do more than simply file a motion in the trial court making an allegation that the sentence is legally infirm." As a result, the appellate court in *King* concluded the trial court had no jurisdiction to entertain the defendant's motion to correct his sentence filed more than 30 years after he had begun serving it, and the appellate court had no appellate jurisdiction over that order. (*Id*. at pp. 633-634, 641) Thus, it dismissed the appeal. (*Ibid.*)

5

Here, defendant moved to correct his sentence 15 years after his conviction became final in 2008. When he filed his motion for resentencing under sections 1172.7 and 1172.75 in 2022, the judgment against him had been final for 14 years. As a result, the trial court lacked jurisdiction to adjudicate his motion for resentencing, and we lack jurisdiction over his appeal from the motion's denial. (*People v. Burgess, supra*, 86 Cal.App.5th at p. 381; *People v. King, supra*, 77 Cal.App.5th at p. 634.)

The conclusion defendant is not entitled to bring a stand-alone motion now is further buttressed by the Legislature's express creation of the staggered deadlines for CDCR to identify aggrieved defendants and the trial court's deadlines to act on that identification. This carefully structured remedy evinces the Legislature's purpose to "minimize the impact on trial courts, while ensuring that those inmates currently serving time on the invalid enhancements are prioritized for relief, so they do not lose the benefit of the ameliorative change in the law." (*People v. Burgess, supra*, 86 Cal.App.5th at p. 383.)

Here, the trial court sentenced defendant to 25 years to life commencing in 2008. He has not yet finished serving that principal term, after which he would be required to serve the two enhancements at issue in this case. As of the time defendant filed his motion in February 2022, the CDCR had not yet been required to identify him as a person subject to this remedial scheme. Further, even as of this writing, the trial court is not charged with resolving this issue as it has until December 2023 to render a decision as it relates to defendant. Defendant is assured by the terms of the statute his sentence will be resolved well before he serves any time for these two enhancements. The trial court had no jurisdiction to review this premature unauthorized petition, nor do we.

*B.    Wende Review*

As to defendant's petition for resentencing under section 1170.126, we conclude the protections afforded by *Wende* and the United States Supreme Court's decision in *Anders v. California* (1967) 386 U.S. 738, do not apply to an appeal from a

6

postconviction denial of his section 1172.126 petition. Because the notice given to defendant in this case was "suboptimal," we have elected to independently review the record and conclude there is no arguable error that would result in a disposition more favorable to defendant.

While this appeal was pending, the California Supreme Court decided *People v. Delgadillo* (2022) 14 Cal.5th 216, 226 (*Delgadillo*), holding in the context of a motion for resentencing under section 1172.6, "the procedures set out in *Anders* and *Wende* do not apply to an appeal from the denial of postconviction relief, even if the defendant has a state-created right to the appointment of counsel for that appeal. [Citations.] This is because 'there is no constitutional right to the effective assistance of counsel' in state postconviction proceedings. [Citations.]"

Here, similar to the procedure under section 1172.6, the trial court examined the record and determined defendant was ineligible for resentencing under section 1170.126, subdivision (e)(3), because he had a conviction for attempted murder. For the same reasons articulated by our Supreme Court in *Delgadillo*, we conclude the *Wende* protections do not apply to postjudgment appeals of orders issued pursuant to section 1172.126.

*Delgadillo* provided a framework for resolving appeals in which counsel finds no arguable issues: "(1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Delgadillo, supra,* 14 Cal.5th at pp. 232-233.) If defendant files a brief, we are required to "evaluate the specific arguments presented in that brief and to issue a written opinion." (*Ibid.*) If defendant does not file a brief, the court may dismiss the appeal, with notice to defendant. (*Id.* at p. 232.)

In *Delgadillo*, the notice given by counsel and the appellate court advised defendant that counsel had filed a *Wende* brief, directed counsel to provide defendant with the brief and the record, and informed defendant he could file a supplemental brief within 30 days. (*Delgadillo, supra*, 14 Cal.5th at pp. 232-233.) It did not inform him the appeal would be dismissed as abandoned if he did not file a supplemental brief. (*Id.* at p. 233.) Although the Supreme Court characterized this notice as "suboptimal," rather than reach the merits of whether this notice satisfied due process, the Supreme Court conducted its own independent review in the interests of judicial economy. (*Id.* at p. 233 & fn. 6.)

Here, appellate counsel complied with her then-existing obligations to file a brief informing this court of her determination that there were no arguable issues in this case, including a concise recitation of the facts bearing on the denial of the petition. Counsel provided defendant with a copy of the brief, and defendant was advised of his right to file a supplemental brief, but did not do so. Our facts are identical to *Delgadillo* in this regard, and we similarly exercise our discretion to conduct an independent review of the record. (*Delgadillo, supra*, 14 Cal.5th at pp. 232-233; see also, *People v. Flores* (2020) 54 Cal.App.5th 266, 274 [appellate court may independently review the record on appeal when an indigent defendant's appointed counsel has filed a *Wende* brief in a postjudgment section 1172.6 appeal].) Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The appeal of the petition under sections 1172.7 and 1172.76 is dismissed. The portion of the order denying defendant's section 1170.126 petition is affirmed.

\s\
McADAM, J.*

We concur:

\s\
MAURO, Acting P. J.

\s\
KRAUSE, J.

---

\* Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9